## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

NAVY SEAL 1, ET AL.,

      Plaintiffs-Appellees,

      v.

SECRETARY OF THE UNITED STATES
  DEPARTMENT OF DEFENSE, ET AL.,

      Defendants-Appellants.

No. 22-10645

**DEFENDANTS-APPELLANTS' UNOPPOSED MOTION TO HOLD THIS
APPEAL IN ABEYANCE PENDING DISTRICT COURT PROCEEDINGS**

*Navy SEAL 1, et al. v. Secretary of the U.S. Dep't of Defense, et al.*, No. 22-10645

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for defendants-appellants

certify that the following persons have an interest in the outcome of this appeal.

Air Force Engineer

Air Force NCO

Air Force Officer

Air Force Special Agent

Alabama Center for Law and Liberty

Alabama Policy Institute

American Constitutional Rights Union

Avallone, Zachary A.

Boynton, Brian M.

Carmichael, Andrew E.

Carroll, Sarah

Clark, Matthew James

Clark, Sarah J.

Commandant, U.S. Marine Corps

Coppolino, Anthony J.

Crampton, Stephen M.

Dewart, Deborah Jane

*Navy SEAL 1, et al. v. Secretary of the U.S. Dep't of Defense, et al.*, No. 22-10645

Dover, Marleigh D.

Enlow, Courtney D.

Gannam, Roger K.

Haas, Alexander K.

Handberg, Roger B.

Harrington, Sarah E.

Hirsh, Michael

Hochshild, Adam S.

Hochschild Law Firm, LLC

Hodes, Mary Catherine

Jonna, Paul Michael

Knapp, Cody T.

Liberty Counsel, Inc.

Liberty, Life, and Law Foundation

Lieutenant Colonel 2

Macik, Thomas More

Mast, Jr., Richard L.

McHale, Michael G.

Merritt, R. Charles

Merryday, Hon. Steven D.

Mihet, Horatio G.

*Navy SEAL 1, et al. v. Secretary of the U.S. Dep't of Defense, et al.*, No. 22-10645

Park, Jack

Porcelli, Hon. Anthony E.

Powell, Amy E.

Ross, Casen B.

Scarborough, Charles W.

Schmid, Daniel Joseph

Secretary, U.S. Department of Defense

Secretary, U.S. Department of Homeland Security

Secretary, U.S. Department of the Air Force

Secretary, U.S. Department of the Army

Secretary, U.S. Department of the Navy

Snyder, Cassandra M.

Staver, Anita

Staver, Mathew D.

Sturgill Jr., Lowell V.

Thomas More Society

U.S. Department of Justice

Wilson, Hon. Thomas G.

Winik, Daniel

*Navy SEAL 1, et al. v. Secretary of the U.S. Dep't of Defense, et al.*, No. 22-10645

Counsel for defendants-appellants further certifies that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

Dated: January 17, 2023        */s/ Sarah J. Clark*
                                           SARAH J. CLARK

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

NAVY SEAL 1, ET AL.,

        Plaintiffs-Appellees,

        v.

SECRETARY OF THE UNITED STATES
DEPARTMENT OF DEFENSE, ET AL.,

        Defendants-Appellants.

No. 22-10645

## DEFENDANTS-APPELLANTS' UNOPPOSED MOTION TO HOLD THIS APPEAL IN ABEYANCE PENDING DISTRICT COURT PROCEEDINGS

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27-1, defendants-appellants respectfully request that the Court hold this appeal in abeyance while the district court conducts proceedings that may significantly affect the disposition of this matter. Plaintiffs-appellees do not oppose this request.

1. In the order under review, the district court issued a preliminary injunction that barred the Navy and the Marine Corps from applying their COVID-19 vaccination requirement to plaintiffs Navy Commander and Lieutenant Colonel 2. The government appealed and this Court held argument on December 14, 2022.

2. On December 23, 2022, the President signed into law the National Defense Authorization Act for Fiscal Year 2023 (NDAA), which directed the Secretary of Defense to rescind the military's COVID-19 vaccination requirement within 30 days of

enactment. *See* James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, 117th Cong. § 525 (2022).

On January 10, 2023, in accordance with the NDAA, the Secretary of Defense rescinded the COVID-19 vaccination requirement for military service members. *See* Memorandum re: Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces (Jan. 10, 2023), https://perma.cc/L9L2-PF6F (Rescission Memorandum). The Rescission Memorandum provides that "[n]o individuals currently serving in the Armed Forces shall be separated solely on the basis of their refusal to receive the COVID-19 vaccination if they sought an accommodation on religious, administrative, or medical grounds." *Id.* at 1. It further provides that the "Military Departments will update the records of such individuals to remove any adverse actions solely associated with denials of such requests." *Id.*

3. On January 10, 2023, after the Secretary issued the Rescission Memorandum, the district court issued an order in the underlying action directing the parties to file briefs "addressing mootness." Order Scheduling Briefing and Hearing on Mootness 4, *Navy Seal 1 v. Austin*, No. 8:21-cv-2429 (M.D. Fla.), Doc. 197. The government's brief to the district court is due January 18, and plaintiffs' response is due January 25. *See id.* The district court's January 10 order states that the court will hold a hearing "soon after the filing of the memorandums." *Id.* The district court further stated that, "[a]fter the

hearing, an order will expeditiously address the mootness" of the litigation, "including perhaps a Rule 62.1 indicative ruling, if indicated." *Id.*[1]

4. The government respectfully requests that the Court hold this appeal in abeyance while the district court conducts the proceedings described in its January 10 order. In the government's view, the underlying litigation is moot. If the district court dismisses the case as a whole on that ground, the preliminary injunction under review here will necessarily be terminated. An indicative ruling regarding the preliminary injunction's continued validity would likewise be relevant to this Court's review. *See* Fed. R. App. P. 12.1; *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) (describing procedures when a district court states that it would grant relief from an order that has been appealed). Holding this appeal in abeyance while the district court conducts its mootness-related proceedings would promote judicial economy and preserve the parties' resources. *Cf. Carver Middle Sch. Gay-Straight Alliance v. School Bd. of Lake County*, 842 F.3d 1324, 1331 (11th Cir. 2016) ("When an appeal presents a contested issue of mootness, we have allowed the district court the opportunity to address that issue first.").

---

[1] The district court issued the same order in *Colonel Financial Management Officer v. Austin*, No. 8:22-cv-1275 (M.D. Fla.), from which two other appeals have arisen: *Captain v. Secretary of Defense*, No. 22-12029 (11th Cir.), and *Chief Warrant Officer 4. v. Secretary of Defense*, No. 22-13522 (11th Cir.). The government is filing analogous motions in those appeals.

The government proposes to file a motion to govern further proceedings within 30 days after the district court completes the proceedings described in its January 10 order.

4. Plaintiffs-appellees have stated that they do not oppose the relief requested in this motion.

Respectfully submitted,

Brian M. Boynton
  *Principal Deputy Assistant Attorney General*

ROGER B. HANDBERG
  *United States Attorney*

SARAH E. HARRINGTON
  *Deputy Assistant Attorney General*

CHARLES W. SCARBOROUGH
LOWELL V. STURGILL JR.
SARAH CARROLL
CASEN B. ROSS
*/s/ Sarah J. Clark*
SARAH J. CLARK
  *Attorneys, Appellate Staff Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Washington, DC 20530*
  *202-305-8727*

January 2023                    *Counsel for Defendants-Appellants*

4

**CERTIFICATION OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 660 words, according to the count of Microsoft Word.

/s/ *Sarah J. Clark*
Sarah J. Clark

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, I electronically filed the foregoing motion with the Clerk of the Court through the appellate CM/ECF system. Service was accomplished on registered counsel through the CM/ECF system.

/s/ Sarah J. Clark
SARAH J. CLARK