IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NAVY SEAL 1, et al.,

                                 Plaintiffs-Appellees,

        v.                                    No. 22-10645

SECRETARY OF THE U.S. DEPARTMENT OF
DEFENSE, et al.,

                                 Defendants-Appellants.

**DEFENDANTS-APPELLANTS' MOTION FOR REMAND AND
CLOSURE OF APPEAL PURSUANT TO CIRCUIT RULE 12.1-1**

No. 22-10645, *Navy SEAL 1, et al. v. Secretary of the U.S. Department of Defense, et al.*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for defendants-appellants certify that the following persons have an interest in the outcome of this appeal.

Air Force Engineer

Air Force NCO

Air Force Officer

Air Force Special Agent

Alabama Center for Law and Liberty

Alabama Policy Institute

American Constitutional Rights Union

Avallone, Zachary A.

Boynton, Brian M.

Carmichael, Andrew E.

Carroll, Sarah

Clark, Matthew James

Clark, Sarah J.

Commandant, U.S. Marine Corps

Coppolino, Anthony J.

Crampton, Stephen M.

Dewart, Deborah Jane

Dover, Marleigh D.

Enlow, Courtney D.

Gannam, Roger K.

Haas, Alexander K.

Handberg, Roger B.

Harrington, Sarah E.

Hirsh, Michael

Hochshild, Adam S.

Hochschild Law Firm, LLC

Hodes, Mary Catherine

Jonna, Paul Michael

Knapp, Cody T.

Liberty Counsel, Inc.

Liberty, Life, and Law Foundation

Lieutenant Colonel 2

Macik, Thomas More

Mast, Jr., Richard L.

McHale, Michael G.

Merritt, R. Charles

Merryday, Hon. Steven D.

Mihet, Horatio G.

Park, Jack

Porcelli, Hon. Anthony E.

Powell, Amy E.

Ross, Casen B.

Scarborough, Charles W.

Schmid, Daniel Joseph

Secretary, U.S. Department of Defense

Secretary, U.S. Department of Homeland Security

Secretary, U.S. Department of the Air Force

Secretary, U.S. Department of the Army

Secretary, U.S. Department of the Navy

Snyder, Cassandra M.

Staver, Anita

Staver, Mathew D.

Sturgill Jr., Lowell V.

Thomas More Society

U.S. Department of Justice

Wilson, Hon. Thomas G.

Winik, Daniel

Counsel for defendants-appellants further certifies that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

<u>/s/ Sarah J. Clark</u>
Sarah J. Clark

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NAVY SEAL 1, et al.,

        Plaintiffs-Appellees,

v.

SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE, et al.,

        Defendants-Appellants.

No. 22-10645

## DEFENDANTS-APPELLANTS' MOTION FOR REMAND AND CLOSURE OF APPEAL PURSUANT TO CIRCUIT RULE 12.1-1

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 12.1-1, defendants-appellants respectfully request that the Court remand this case to the district court for entry of an order dissolving the preliminary injunction under review and dismissing the complaint. Plaintiffs take no position on a motion for remand with dismissal of the appeal.

1. In the order under review, the district court issued a preliminary injunction that barred the Navy and the Marine Corps from applying their COVID-19 vaccination requirement to plaintiffs Navy Commander and Lieutenant Colonel 2. The government appealed and this Court held argument on December 14, 2022.

2. On December 23, 2022, the President signed into law the National Defense Authorization Act for Fiscal Year 2023 (NDAA), which directed the Secretary of

Defense to rescind the military's COVID-19 vaccination requirement within 30 days of enactment. *See* James M. Inhofe National Defense Authorization Act for Fiscal Year 2023, 117th Cong. § 525 (2022). On January 10, 2023, in accordance with the NDAA, the Secretary of Defense rescinded the COVID-19 vaccination requirement for military service members. *See* Memorandum re: Rescission of August 24, 2021 and November 30, 2021 Coronavirus Disease 2019 Vaccination Requirements for Members of the Armed Forces (Jan. 10, 2023), https://perma.cc/L9L2-PF6F (Rescission Memorandum). The Department of Defense and the military Services have taken numerous additional actions since then to implement the rescission.

3. The same day that the Secretary issued the Rescission Memorandum, the district court issued an order directing the parties to file briefs "addressing mootness." Dkt. No. 268, at 4.[1] The court stated that, after evaluating the parties' submissions, it would "expeditiously" issue an order "address[ing] the mootness of the [litigation], including perhaps a Rule 62.1 indicative ruling, if indicated." *Id.*

On January 17, 2023, the government filed a motion requesting that the Court hold this appeal in abeyance while the district court conducted the proceedings described in the January 10 order.[2] This Court granted the abeyance motion on January

---

[1] This docket numbers in this filing refer to docket entries in *Colonel Financial Management Officer v. Austin*, No. 8:22-cv-1275 (M.D. Fla.), where the mootness briefing was conducted.

[2] The government filed similar motions in *Chief Warrant Officer 4. v. Secretary of Defense*, No. 22-13522 (11th Cir.), and *Captain v. Secretary of Defense*, No. 22-12029 (11th

23, 2023, ordering the government to file periodic status reports until the district court issued its ruling.

4. On April 3, 2023, the district court issued a ruling indicating that, if this Court were to return jurisdiction, it would enter an order dissolving the preliminary injunction at issue in this appeal and dismissing the complaint as moot. *See* Dkt. No. 291. The district court reasoned that plaintiffs' claims are moot because "[t]he challenged and preliminarily enjoined mandate no longer exists." *Id.* at 6. The district court instructed the clerk to transmit its order to this Court, and, consistent with Eleventh Circuit Rule 12.1-1(e), counsel for the government notified the Clerk's Office of the order by telephone on April 4.

5. Given the district court's indicative ruling, the Court should remand this matter and close the appeal so that the district court can dissolve the preliminary injunction under review. *See* Cir. R. 12.1-1(c)(2). Consistent with the Court's rules, the government reserves its right to move to "reopen and reinstate" this appeal "[i]f the district court enters an order on remand that fails to grant the relief the district court had stated it would grant." Cir. R. 12.1-1(c)(2)(iv).[3]

---

Cir.), two additional appeals of preliminary injunctions encompassed by the district court's January 10 order.

[3] The government is filing similar motions in *Chief Warrant Officer* and *Captain*, *see supra* note 2, as the district court likewise indicated that it would dissolve the preliminary injunctions at issue in those appeals.

3

6. Plaintiffs-appellees have stated that they take no position on a motion for remand with dismissal of the appeal.

Respectfully submitted,

CHARLES W. SCARBOROUGH

/s/ Sarah J. Clark
SARAH J. CLARK
  *Attorneys, Appellate Staff*
  *Civil Division*
  *United States Department of Justice*
  *950 Pennsylvania Avenue, NW, Rm. 7216*
  *Washington, D.C. 20530*
  *(202) 305-8727*

APRIL 2023

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A). This document contains 544 words.

*/s/ Sarah J. Clark*
Sarah J. Clark

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I caused the foregoing to be filed with the Court using the appellate CM/ECF system, which constitutes service on all parties under the Court's rules.

／s／ *Sarah J. Clark*
Sarah J. Clark